# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ROBERT LEE SHOCKLEY, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:15-CV-452 (MTT) |
| JIMMY BARBEE, *et al.*, | ) ) ) |
| Defendants. | ) ) |

# ORDER

Plaintiff Robert Lee Shockley, Jr. has filed an application to appeal in forma pauperis. Doc. 48. Shockley seeks to appeal the judgement in favor of the Defendants entered on August 21, 2017. Doc. 46. Applications to appeal in forma pauperis are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. 28 U.S.C. § 1915(a) provides

> (1) . . . [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> . . .
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

> (1) . . . [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

---
[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (citation omitted).

> (A) shows . . . the party's inability to pay or to give security for fees and costs;
>
> (B) claims an entitlement to redress; and
>
> (C) states the issues that the party intends to present on appeal.
>
> (2) . . . If the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with an application to proceed in forma pauperis. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Next, the Court must determine if the plaintiff has satisfied the good faith requirement.

Shockley submitted a financial affidavit accompanying his motion for leave to appeal IFP. Doc. 48. Shockley asserts that he and his wife have had an average monthly income over the past 12 months of $6,826 with which to provide for themselves and their four children.[2] *Id.* at 2-4. He also asserts that his wife has recently lost her job, reducing their expected monthly income to $3,658 and causing them financial hardship. However, his reduced expected income, amounting to $43,896 annually, still substantially exceeds the poverty level for a family of six, which is $32,960. Annual Update of the HHS Poverty Guidelines, 82 Fed. Reg. 8831-03 (January 26, 2017). As such, the Court cannot find that Shockley is financially unable to pay the filing fee for an appeal, and, thus, the Court need not determine whether Shockley satisfied the good faith requirement. *Cf. Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307-08 (11th Cir. 2004).

---

[2] A court may consider a spouse's income in determining whether a plaintiff can pay for the court fees and costs and still provide necessities for himself and his dependents. *See, e.g.*, *Williams v. Spencer*, 455 F. Supp. 205, 208-09 (D. Md. 1978) (citations omitted).

Consequently, Shockley's application to appeal IFP (Doc. 48) is **DENIED**. If Shockley wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee.

**SO ORDERED**, this 27th day of September, 2017.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT