IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROBERT LEE SHOCKLEY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:15-CV-452 (MTT) |
| ) | |
| JIMMY BARBEE, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

Plaintiff Robert Lee Shockley, Jr. has filed an application to appeal in forma pauperis (IFP). Doc. 48. Shockley seeks to appeal the judgement in favor of the Defendants entered on August 21, 2017. Doc. 46. On September 27, 2017, the Court denied Shockley's Motion for Leave to Appeal IFP. Doc. 51. The Court now **VACATES** that order (Doc. 51) and instead **GRANTS** Shockley's Motion for Leave to Appeal IFP.

Applications to appeal in forma pauperis are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. 28 U.S.C. § 1915(a) provides

> (1) . . . [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> . . .
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

---
[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (citation omitted).

Similarly, Fed. R. App. P. 24(a) provides:

> (1) . . . [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
>> (A) shows . . . the party's inability to pay or to give security for fees and costs;
>>
>> (B) claims an entitlement to redress; and
>>
>> (C) states the issues that the party intends to present on appeal.
>
> (2) . . . If the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with an application to proceed in forma pauperis. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Next, the Court must determine if the plaintiff has satisfied the good faith requirement.

Shockley submitted a financial affidavit accompanying his motion for leave to appeal IFP. Doc. 48. Shockley asserts that, over the past 12 months, he and his wife have had an average monthly income of $6,826 with which to provide for themselves and their four children.[2] *Id.* at 2-4. He also asserts that his wife has recently lost her job, which has reduced their expected monthly income to $3,658 and caused them financial hardship. *Id.* at 5-6. Shockley also testifies that he and his wife's average total monthly expenses are $3,596 and that at times their monthly expenses exceed their monthly income. *Id.* at 6. Although Shockley's reduced family income of $43,896

---

[2] A court may consider a spouse's income in determining whether a plaintiff can pay for the court fees and costs and still provide necessities for himself and his dependents. *See, e.g.*, *Williams v. Spencer*, 455 F. Supp. 205, 208-09 (D. Md. 1978) (citations omitted).

exceeds the poverty level for a family of six,[3] due to Shockley's stated financial difficulties, the Court finds that he is unable to pay the appellate filing fee.

Next, the Court must determine whether Shockley meets the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A party demonstrates good faith when he seeks review of a non-frivolous issue. *Id.* An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'" (citations omitted)). Here, Shockley seeks to appeal the Court's grant of summary judgment in favor of the Defendants. Doc. 48 at 1. The Court finds that there are non-frivolous issues present in this case. Thus, Shockley meets the good faith requirement.

Consequently, Shockley's application to appeal IFP (Doc. 48) is **GRANTED**.

**SO ORDERED**, this 1st day of November, 2017.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT

---

[3] Annual Update of the HHS Poverty Guidelines, 82 Fed. Reg. 8831-03 (January 26, 2017).